UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH NICHOLS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:26-cv-00527-LEW |
| | ) | |
| ACTIVISION PUBLISHING, INC., | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff filed a complaint seeking to overturn an unfavorable arbitration decision. (Complaint, ECF No. 1.) Plaintiff also filed an application to proceed without prepayment of fees (ECF No. 6), which application the Court granted. (Order, ECF No. 7.) In accordance with the statute that governs actions in which a plaintiff is permitted to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend that the Court dismiss the complaint.

### FACTUAL ALLEGATIONS

Plaintiff was playing one of a series of video games developed by Defendant when Defendant permanently banned Plaintiff's account for conduct labeled "boosting,"[1] which

[1] The security and enforcement policy for the game franchise defines boosting as "exploiting the game for the purpose of gaining" in-game points or other items, evidently in contrast to the ordinary ways players pursue those goals, such as playing the game in a non-exploitive manner or making in-game purchases. *Call of Duty Security and Enforcement Policy*, Activision (July 31, 2026), https://perma.cc/W5J9-JLHR.

is prohibited under the software terms of use and other policies. Defendant's policies provide for a permanent ban for extreme or repeat offenses but allowed Defendant to impose lesser penalties for first time offenses. Plaintiff alleges that he unfairly received a permanent ban for a first offense.

After receiving notification of the ban, Plaintiff initiated an arbitration proceeding against Defendant. On August 5, 2026, the arbitrator found in favor of Defendant and against Plaintiff and dismissed Plaintiff's claim. Plaintiff later filed this lawsuit seeking to vacate the final arbitration award. Plaintiff asks this Court to restore his online account so that he can resume playing the video game.

## STANDARD OF REVIEW

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Solutions*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted).

"A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011). Plaintiff cites the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, but outside of narrow exceptions not applicable here, the statute "bestow[s] no federal jurisdiction" and instead "require[s] an independent jurisdictional basis." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). Unless another more specific grant of subject matter jurisdiction applies, therefore, in a "controvers[y] touching arbitration," *id.*, just as in any other controversy, a plaintiff must show that at least one claim falls within one of the two general

grants of jurisdiction: "federal question jurisdiction" under 28 U.S.C. § 1331 or "diversity jurisdiction" under § 1332, *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019).

A review of the allegations in the complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction. Plaintiff did not cite a federal cause of action, and Plaintiff did not argue that the dispute within the arbitration involved an alleged violation of federal law, such as his constitutional rights. The essence of the dispute appears to be a state law contract claim regarding Plaintiff's purchases of and the terms of use governing Defendant's products and services.

Plaintiff has also failed to allege sufficient facts to assert a claim within the Court's diversity jurisdiction. Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States." 28 U.S.C. § 1332(a)(1). Even assuming that Plaintiff could establish the requisite diversity because he is a citizen of Maine and Defendant is a citizen of another state, there are no facts alleged in the complaint that would support the plausible inference that the amount in controversy is more than $75,000, as § 1332 requires. In assessing the amount in controversy, the appropriate measure "is the litigation value of the case, an amount arrived at by drawing all reasonable inference in favor of the Plaintiff's Complaint." *Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004). Courts may rely on judicial experience and common sense to conclude that a matter

does not present a claim of the requisite value. *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

In sum, Plaintiff has not alleged a violation of a federal law and has not demonstrated that the amount in controversy satisfies the diversity jurisdiction requirement. This Court, therefore, lacks jurisdiction over Plaintiff's claim.

## CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, as explained above, Plaintiff has not alleged sufficient facts to support an actionable claim within the Court's subject matter jurisdiction. Accordingly, I recommend the Court dismiss the matter.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of November, 2026.